**UNITED STATES   DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ANTOINE EDWARDS** | **CIVIL ACTION** |
| **VERSUS** | **NO.   22-2171** |
| **STATE OF LOUISIANA, ET AL.** | **SECTION "T"(4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. The Court has determined that this matter can be resolved without an evidentiary hearing.

**I.    Factual Background**

**A.    The Complaint**

Antoine Edwards ("Edwards") filed this suit *pro se* against the State of Louisiana, Municipal Authority/Congress John Does/Janes Does, Governor John Bel Edwards ("Governor Edwards"), Detective Kent Theopholius ("Theopholius"), D.A. Jason Napoli ("Napoli"), Counsel Juan Foils ("Foils"), Christopher Aberle ("Aberle"), Judge Tracey Flemings-Davillier ("Judge Flemings-Davillier"), and Governor James LeBlanc ("Governor LeBlanc"). Edwards alleges that these state officials committed federal and intentional torts against him when he was convicted in Orleans Parish District Court because the court lacked jurisdiction over him. He alleges that as a Moor, he is under the Federal Subject Matter Jurisdiction.

According to Edwards, he alleges that his conviction was the result of intrinsic fraud and malicious prosecution, changing personal data, embezzlement, forgery, treason RICO violation and false pretense. Edwards alleges that he has been kidnapped and human trafficked in violation of his birthright as a Moor and held for ransom bond under unlawful confinement.   Edwards alleges that he was subjected to false imprisonment, unlawful arrest, and slander, defamation and libel. He contends that the defendants have "made their own laws that go against God-Allah law in the war against Moors-Blacks for centuries." He alleges that as a Moor, no one has the right to subject him, Umar Ansar Yusuf El Ali to the grand jury, or the sovereignty, because he is a Moor.

Edwards claims that Judge Tracey Flemings-Davillier is still holding on to slavery. Edwards alleges that there was insufficient evidence to prove his guilt, and the evidence was fruit of the poisonous tree, tainted, hearsay, and all without witnesses.   He alleges that the defendants should stop violating his rights by calling him by his commercial property name. Further, Edwards alleges that everybody knows that Black-Moors have been mistreated by genocide which he characterizes as a "government anti-trust supremacy."

Therefore, Edwards seeks to have all charges dismissed and cancel his debt. He further seeks damages from Judge Tracey Flemings-Davillier, Attorney Juan Foils, and Attorney Christopher Aberle. He further seeks $17 million dollars in remuneration from the State of Louisiana. Alternatively, Edwards seeks the enforcement of the Divine Constitution, the Zodiac Constitution, the U.S. Constitution, and the Marrakesh of 1786/1836 and Judgment 27 August 1952 International Court of Justice.

He also seeks a peaceable possession of monetary counterclaims and criminal charges against the defendants, and for the Court to recognize that the defendants used improper terms and

2

references for Moorish people. Additionally, Edwards seeks an order from the Court to answer for their "criminal unjust actions", that it be informed of the Constitution, and its' obligation to uphold it, and not be excused for its violations. Additionally, Edwards seeks an order from this Court finding the defendants guilty of violating the United States Constitution, Zodiac Constitution, United Nations declaration and Treaty of peace, United States Codes, and recuse the State of Louisiana and Orleans Parish Officials.

He further seeks an award of $525,000 in compensatory damages, $250,000 in punitive damages and payment for irreparable injury, a written apology, no retaliation, and to be identified as Umar Ansar Yusuf El Ali with a social security number. Additionally, he seeks $4,000,000 in remuneration as alleged in an earlier part of his complaint. Finally, while he seeks a conviction of the defendants, he does not seek to have them jailed "because jail is a bad place." Instead, he seeks to change the law to 15 years for murder, with "real programs" and his freedom.

## II.    Standard of Review for Frivolousness

Title 28 U.S.C. §§ 1915A and 42 U.S.C. §§ 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous.   The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993).   However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such

as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moor v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

**III.** **Analysis**

**A.** **Claims Against the State of Louisiana, and Governors John Bell Edwards and James LeBlanc**

Edwards names the State of Louisiana and Governors John Bell Edwards and James LeBlanc as defendants in this matter. However, suits against the State and its representatives implicates the Eleventh Amendment immunity doctrine. *Muhammad v. Louisiana*, Nos. 99-3742 & 99-2694, 2000 WL 1568210 (E.D. La. Oct. 18, 2000); *Citrano v. Allen Corr. Ctr.*, 891 F. Supp. 312, 320 (W. D. La. 1995) ("A suit against any state correctional center would be suit against the state and therefore barred by the Eleventh Amendment.") (citing *Anderson v. Phelps*, 655 F. Supp. 560, 560 (M.D. La. 1985); *Bldg. Eng'g Servs. Co. v. Louisiana*, 459 F. Supp. 180 (E.D. La. 1978)). Additionally, a Section 1983 claim against a state official, such as the Governor, in his official capacity for monetary damages, is actually a claim against the State itself, such a claim is barred by the Eleventh Amendment.

The Eleventh Amendment forbids federal courts from entertaining a suit for money damages brought by a citizen against his own State. *Pennhurst State Sch. v. Halderman*, 465 U.S.

89, 98 (1984); *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185-86 (5th Cir. 1986). It also prohibits suits for declaratory and injunctive relief brought against the State. *See Saltz v. Tenn. Dep't of Employment Sec.*, 976 F.2d 966, 968 (5th Cir. 1992) (declaratory and prospective injunctive relief cannot be pursued directly against the State in federal court.) A state may expressly waive this Eleventh Amendment sovereign immunity. *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (holding that a state's consent to suit against it in federal court must be expressed "unequivocally"); *Welch v. Dep't of Highways*, 780 F.2d 1268, 1271-73 (5th Cir. 1986). However, the State of Louisiana, nor Governors Edwards or LeBlanc, have done so.

To the contrary, La. Rev. Stat. Ann. § 13:5106(a) provides that "no suit against the state . . . shall be instituted in any court other than a Louisiana state court." Accordingly, the Court is without jurisdiction to consider the plaintiff's claims against the State of Louisiana and Governor John Bell Edwards and Governor James LeBlanc. *See Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996). Thus, Edwards' claims against the State and Governors Edwards and LeBlanc are frivolous, fail to state a claim for which relief can be granted and otherwise, for seeking relief from an immune defendant pursuant to 28 U.S.C. § 1915(e) and § 1915A, and 42 U.S.C. § 1997e. Edwards' claims against the State and Governors Edwards and LeBlanc must be dismissed without prejudice for lack of jurisdiction. *See Warnock v. Pecos Cnty.*, *Tex.*, 88 F.3d 341, 343 (5th Cir. 1996).

**B.    Claims Against Municipal Authority/Congress John Does/Jane Does**

Edwards generally alleges that from the DA to the members of Congress, they "know right from wrong." Rec. Doc. 4-1, p. 2. However, the claims against the Municipal Authority/Congress John Does/Jane Does, are also subject to dismissal as frivolous.

5

Section 1983 imposes liability on any "person" who violates another's constitutional rights while acting under color of state law. 42 U.S.C. § 1983; *see Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). Rule 17(b) of the Federal Rules of Civil Procedure provides that "capacity to sue or be sued shall be determined by the law of the state which the district court is held." *See* Fed. R. Civ. P. 17(b).

According to Fed. R. Civ. P. 17(b), Louisiana law governs whether the Louisiana Fifth Circuit Court of Appeal is an entity subject to suit. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person," which is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code. Art. 24.

It is unclear from the allegations in the complaint which "municipal authority" Edwards sought to sue. Further, the allegations in the complaint against the members of Congress who are identified as Jane/John Does, who "know right from wrong", do not state a claim for which relief can be granted.

### C.    Claims Against Detective Kent Theopholius, Counsel Juan Foils and Christopher Aberle

Edwards also named Detective Kent Theopholius, Counsel Juan Foils and Christopher Aberle as defendants. Edwards alleges that Theopholius and Napoli committed fraud in his prosecution because they used tainted weapons from the evidence room and entrapped Edwards. Apparently, the alleged offense was an unwitnessed murder, which, according to Edwards, resulted in the submission of tainted evidence and hearsay testimony. He does not allege that Theopholius was a state employee, nor does he specifically allege the constitutional right that may have been violated by him. Presumably, he is alleging that they engaged in prosecutorial misconduct.

Regarding the claim against his counsel, Edwards contends that his counsel was disloyal and had a conflict of interest. According to Edwards, after he advised his attorney to not get an extension of time after he filed a request for a speedy trial, the attorney sought an extension anyway. Edwards contends that he would have been released on bail. However, he alleges that he was detained after the prosecutor identified another weapon involved in the murder.

"To state a claim under § 1983, plaintiffs must allege two elements: first, that they were deprived of a right or interest secured by the Constitution and laws of the United States, and second that the deprivation occurred under color of state law." *Doe v. Rains County Ind. School Dist.*, 66 F.3d 1402, 1406 (5th Cir.1995).

"Although a private person may cause a deprivation of such a right, he may be subjected to liability under § 1983 only when he does so under color of law." *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 98 S. Ct. 1729, 1733, 56 L.Ed.2d 185 (1978). [T]he defendant need not be an officer of the state to satisfy this requirement; private persons may be held liable under § 1983 if they willfully participate in joint action with state agents. Alleging a conspiracy between private and public actors satisfies this requirement." *Hobbs v. Hawkins*, 968 F.2d 471, 480 (5th Cir.1992) (citations omitted).

Private attorneys are not official state actors, and generally cannot be sued under § 1983. See *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir.1996). Even when appointed by the court, private attorneys are not official state actors and are generally not subject to suit under § 1983 for independent judgments and actions taken during the course of representing a defendant. *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir.1988). However, "private attorneys who

have conspired with state officials may be held liable under section 1983." *McGhee v. Bradshaw*, 127 F.3d 33, at *1 (5th Cir. 1997).

To successfully allege such a conspiracy, the plaintiff "must allege facts that suggest: 1) an agreement between the private and public defendants to commit an illegal act and 2) an actual deprivation of constitutional rights." *Smith v. Grodner,* 2020 WL 3067270 (M.D. La. 2020). The allegation of conspiracy between private and state actors requires more than conclusory statements. *Priester v. Lowndes Cnty*., 354 F.3d 414 (5th Cir. 2004). "Allegations that are merely conclusory, without reference to specific facts, will not suffice."

There is no allegation that either Detective Kent Theopholius, Counsel Juan Foils and Christopher Aberle are employees of the state such that they would be state actors. However, while it is true that the murder conviction would be by a person who is responsible for the state, the claims against Detective Kent Theopholius, Counsel Juan Foils, and Christopher Aberle fail to state a claim for which relief may be granted, and for seeking relief against an immune defendant pursuant to §1915(e)(2).

**D.    Claims against D.A. Napoli**

Edwards also seeks to allege that the prosecution and detective violated his trust as a citizen by not "trespassing against the right of a man who is his own sovereign." He expressly complains about the prosecutor's performance and use of various theories in an effort to frame him, when he heard that another person by the name of Antoine Brumfield was the actual shooter.

The Supreme Court has recognized, however, that there are some officials whose duties require a full exemption from liability. Such officials include prosecutors in the performance of their official functions. *Imbler v. Pachtman,* 424 U.S. 409, 430-31 (1976); *Yaselli v. Goff*, 275 U.S.

503 (1927). In order to determine whether a government official is absolutely immune from suit, the proper focus should not be the identity of the party claiming the immunity, but rather, his role in the context of the case. *Mays v. Sudderth,* 97 F.3d 107, 110 (5th Cir. 1996). In other words, immunity attaches to particular official functions, not to particular offices. *Forrester*, 484 U.S. at 229; *see also ONeal v. Miss. Bd. of Nursery*, 113 F.3d 62 (5th Cir. 1997).

In the context of absolute prosecutorial immunity, immunity from suit extends only to those acts intimately associated with the judicial phase of the criminal process which includes the presentation of the State's case, evaluating evidence, and interviewing witnesses in preparation for trial. *Burns v. Reed*, 500 U.S. 478, 492 (1991). Further, locating and securing evidence such as a gun in this case is intimately associated with the judicial phase of the case. Also, among the traditional functions of a prosecutor is the duty to decide which charges to bring, and whether to pursue a conviction in Court. *See Kalina v. Fletcher*, 522 U.S. 118, 125 (1997).

Edwards' complaints against the defendant, D.A. Jason Napoli refers to alleged actions taken within his authority as a prosecutor, specifically his decision to pursue a murder charge against Edwards. Edwards also alleges that the prosecutor took gun evidence from the evidence room, and suggested that gun evidence from another case was used in his trial, i.e. planting a weapon on him.

The District Attorney is clearly entitled to absolute immunity from suit for their discretionary role in determining which charges to pursue. Thus, any claim against Napoli in his individual capacities must be dismissed as frivolous for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant pursuant to §1915(e)(2).

Furthermore, suit against a prosecutor named in his official capacity is suit against the entity he represents. *Jefferson Parish Burge v. Parish of St. Tammany*, 187 F.3d 452, 466-67 (5th Cir. 1999) ; *see also Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Further, "[A] private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R.S. v. Richard D*., 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973); *see also Rude v. Thaler*, 2012 WL 3564226 (E.D. Texas, Lufkin Division). Therefore, Edwards may not bring criminal charges against Napoli in this civil rights lawsuit.

The District Attorney could be liable under Section 1983 only if his action was in execution of an unconstitutional parish policy or custom which inflicted injury or damage upon the plaintiff. *Monell v. Dept of Soc. Servs*., 436 U.S. 658, 694 (1978). A plaintiff would have to allege not merely that such an unconstitutional policy or custom exists, but that it was the proximate cause of his injury or damage. *See Collins v. City of Harker Heights,* 503 U.S. 115, 122-24 (1992); *Berry v. McLemore,* 670 F.2d 30, 33-34 (5th Cir. 1982), *overruled on other grounds*, *Woodworkers of Am. v. Champion Int's Corp.*, 790 F.2d 1174 (5th Cir. 1986).

However, Edwards has not asserted that Napoli's decision to pursue a First Degree Murder charge against him was the result of an unconstitutional policy or custom of Orleans Parish as contemplated by *Monell.* Further, the degree to which Edwards complains of prosecutorial misconduct, while this claim could be raised in a habeas proceeding in the absence of any evidence that plaintiff has exhausted his state habeas remedies, this claim should be dismissed without prejudice. Further, Edwards' claims, if any, against Napoli in his official capacity are frivolous.

E.      **Claims Against the Judge Tracey Flemings-Davillier**

Edwards also filed the subject suit seeking to hold Judge Tracey Flemings-Davillier liable because she abdicated her judicial duty by denying his *motion in limine*. He also alleges that he sued Judge Flemings-Davillier for all of her dealings with the case.

1.      **Individual Capacity and Judicial Immunity**

To the extent that Edwards intended to hold Judge Flemings-Davillier liable in her individual capacity, the claim fails. It is well established that absolute judicial immunity protects a judge from liability for damages in his individual capacity for all judicial functions, so long as the judge does not act in clear absence of all jurisdictions:

> Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions.   The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant.   Judicial immunity can be overcome only by showing that the actions complained of were non-judicial in nature or by showing that the actions were taken in complete absence of all jurisdictions.

*Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (citations omitted); *see also Brandley v. Keeshan*, 64 F.3d 196, 200 (5th Cir. 1995) (absolute immunity applies even where judge's "exercise of authority is flawed by grave procedural errors" or where the judge "took action maliciously or was in excess of his authority"); *Dayse v. Schuldt*, 894 F.2d 170, 172 (5th Cir. 1990).

In the instant case, the claim against Judge Flemings-Davillier is clearly related to her duties as a judge and her judicial decision making. As a result, Judge Flemings-Davillier is entitled to absolute judicial immunity with respect to any claim against in her individual capacity for monetary damages. *Mays v. Sudderth*, 97 F.3d 107, 111 (5th Cir. 1996). The claims against Judge

Flemings-Davillier should be deemed as frivolous for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A.

2.    <b>Official Capacity and the Eleventh Amendment</b>

As to any claim against Judge Flemings-Davillier in her official capacity, the claim is also barred from review in this federal court. A judgment against the state circuit court judges in her official capacities would be satisfied out of the state treasury. La. Rev. Stat. Ann. § 13:5108.1 (2006).[1]  Therefore, any official-capacity claim against her is, in reality, a claim against the State itself, and is, therefore, barred by the Eleventh Amendment. *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188 (5th Cir. 1986); *see also Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) ("Suits against state officials in their official capacity are considered to be suits against the individual office, and so are generally barred as suits against the state itself.").

For all of the foregoing reasons, Edwards' claims against the Judge Flemings-Davillier official and individual capacities should be dismissed as frivolous, for failure to state a claim for which relief is granted, and otherwise for seeking relief against an immune defendant.

---

[1]La. Rev. Stat. Ann. § 13:5108.1 provides in relevant part as follows:

A. Indemnification.
   (1) The state shall defend and indemnify a covered individual against any claim, demand, suit, complaint or petition seeking damages filed in any court over alleged negligence or other act by the individual, including any demand under any federal statute when the act that forms the basis of the cause of action took place while the individual was engaged in the performance of the duties of the individual's office or employment with the state. . . .
E. Definition.
   As used in this Section "covered individual" includes:
   (1) An official, officer, or employee holding office or employment:  . . .
   (c) In the state supreme court or in the office of the clerk thereof or office of judicial administrator thereof, in one of the circuit courts of appeal or in the office of clerk thereof, or in any of the family, juvenile, or judicial district courts of the state or in the offices of the judicial administrators thereof.  . . .

**IV.**   <u>**Recommendation**</u>

Accordingly,

**IT IS RECOMMENDED** that Edwards' § 1983 claim against the State of Louisiana and Governors John Bell Edwards and James LeBlanc be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e) and § 1915A, and 42 U.S.C. § 1997e for lack of jurisdiction.

**IT IS FURTHER RECOMMENDED** that Edwards' § 1983 claim against Judge Tracey Flemings-Davillier be **DISMISSED WITH PREJUDICE** as legally frivolous and for failure to state a claim for which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A.

**IT IS FURTHER RECOMMENDED** that Edwards' § 1983 claims against Municipal Authority/Congress John Doe/Jane Does, Detective Kent Theopholius, Counsel Juan Foils and Christopher Aberle be **DISMISSED WITH PREJUDICE** as frivolous, for failure to state a claim for which relief can be granted, and otherwise for seeking relief pursuant 28 U.S.C. §§ 1915 and 1915A, and 42 U.S.C. § 1997e.

**IT IS FURTHER RECOMMENDED** that Edwards' claim §1983 claims against D.A. Jason Napoli arising out of his decision to pursue murder charges against Edwards is **DISMISSED WITH PREJUDICE** as frivolous, for failure to state a claim for which relief can be granted and otherwise for seeking relief against an immune defendant.

**IT IS FURTHER RECOMMENDED** that the degree to which Edwards complains of prosecutorial misconduct, while this claim could be raised in habeas proceeding in the absence of any evidence that plaintiff exhausted his state habeas remedies, this claim is **DISMISSED WITHOUT PREJUDICE.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[2]

New Orleans, Louisiana, this 3rd day of January 2023.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] *Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.