UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANTOINE EDWARDS                                          CIVIL ACTION

VERSUS                                                          NO: 22-02171

STATE OF LOUISIANA, et al.                             SECTION: T (4)

## **ORDER and REASONS**

Before the Court is Plaintiff Antoine Edwards's Rule 60(b) Motion (R. Doc. 27) seeking review of the Court's adoption of the Report and Recommendation over Plaintiff's Objection. *See* R. Docs. 10, 11, 12, and 13. The Court ultimately rendered judgment in favor of the Defendants, Louisiana State, Municipal Authority Congress, Gov. John Bel Edwards, John Does/Janes Does, Kent Theopolius, Jason Napoli, Juan Foils, Christopher Aberle, James LeBlanc, and Judge Tracey Flemmings (Flemings-Davillier), dismissing with prejudice, Antoine Edwards's 42 U.S.C. §1983 claims against these Defendants as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to 42 U.S.C. §1983. R. Doc. 13.[1]  Plaintiff has also filed various supplemental memoranda in support of his Rule 60(b) Motion. *See* R. Docs. 28, 28, and 30.

---

[1] Various other claims were dismissed without prejudice. *See* R. Doc. 12. The Court dismissed without prejudice Plaintiff's ' 1983 claim against the State of Louisiana and Governors John Bell Edwards and James LeBlanc pursuant to 28 U.S.C. 1915(e) and 1915A, and 42 U.S.C. 1997(e) for lack of jurisdiction. The Court also dismissed without prejudice Plaintiff's complaints of prosecutorial misconduct because the claim could be raised in habeas proceeding in the absence of any evidence that plaintiff exhausted his state habeas remedies.

Plaintiff seeks relief from the Judgment dismissing his case pursuant to Rule 60(b). "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for ... mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Implicit in the fact that Rule 60(b)(1) affords extraordinary relief is the requirement that the movant make a sufficient showing of unusual or unique circumstances justifying such relief." *Pryor v. U.S. Postal Service*, 769 F.2d 281, 286 (5th Cir. 1985). "Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993). "In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Id.* "Even pro se litigants must comply with procedural rules, and ignorance of the law is not a basis for Rule 60(b)(1) relief." *Vafaiyan v. City of Wichita Falls*, 398 Fed.Appx. 989, 990 (5th Cir. 2010) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (holding that a pro se "litigant acquiesces in and subjects himself to the established rules of practice and procedure.")). The Court should also consider the following factors:

> (1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to do substantial justice; (4) whether the motion was made within a reasonable time; (5) whether–if the judgment was a default or a dismissal in which there was no consideration of the merits–the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgment, and there is merit in the movant's claim or defense; (6) whether there are any intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack.

*In re Marinez*, 589 F.3d 772, 777 (5th Cir. 2009).

In his Motion, Plaintiff essentially rehashes at great length his prior arguments and assertions made to the Court. *See* R. Doc. 27 (10 pages), R. Doc. 27-1 (52 pages), and R. Doc. 27-2 (41 pages). The Court can discern no basis under Rule 60(b) to revisit or reconsider its prior rulings. Notably, Plaintiff has simultaneously attempted to appeal the Court's order and judgment. R. Doc. 18. But that appeal was dismissed for want of prosecution. R. Doc. 31. In short, Plaintiff has failed to make a sufficient showing that there is any error or mistake in the Court's ruling warranting relief under Rule 60(b).

Accordingly,

**IT IS ORDERED** that Motion Pursuant to Rule 60(b) filed by Antoine Edwards (R. Doc. 27) is DENIED.

New Orleans, Louisiana, this 23rd day of September 2024.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE